HALL *against* GOULD.

A provision in a lease, by which the lessee agrees to be responsible for any loss of rent which the lessor may sustain by a re-entry during the term, for condition broken, is valid, and can be enforced after such re-entry.

Where, in a lease of premises for a term of years, the lessee, in addition to his agreement to pay the rent, covenanted that he would not keep a grocery upon the premises, and in case of a violation of this covenant, the lessor might re-enter and relet the premises for the benefit of the lessee; and the lessor, during the term, ejected the lessee for a breach of the condition, and, not being successful in reletting the premises for the residue of the term, brought an action on the lease against the lessee; *Held*, that he was not entitled to recover rent as such for the portion of the term subsequent to the reëntry, but that he could recover, by way of damages, an amount equal to the rent which he lost by the breach and re-entry therefor, and his inability to relet the premises.

The court, at the trial, may remedy by amendment, a variance between the case made by the proof and the complaint, where all the facts essential to the rights of the parties are put in issue by the answer and reply.[1]

ACTION commenced in the supreme court in December, 1848, upon a lease executed by the parties under their seals

---

[1] Code of Civil Procedure, § 539–41.

bearing date the 1st day of October, 1844, whereby the plaintiff demised unto the defendant and his representatives a store in the city of Albany, for the term of two years and six months from the date of the lease, at the annual rent of $850, payable quarterly in each year, the lessee paying the taxes. The defendant covenanted to pay the rent and the taxes; and he further covenanted with the plaintiff " that he would not himself, nor allow any one else to make use of the premises for any kind of disreputable business, including the keeping of a retail grocery of liquors during the term; and if so used, the lessor reserves full power, which is hereby acceded to by the lessee, to enter upon and eject from the premises the persons occupied in such disreputable pursuits, and to relet the same for the benefit of the lessee."

The complaint stated the making of the lease; and a copy of the same was annexed to and referred to in the complaint. It further stated that the defendant took possession of the demised premises, and occupied the same by himself and his tenants, and that there was due to the plaintiff the rent of the premises for the quarters ending on the 1st of October, 1846, and on the first of January and April, 1847, and the tax assessed for the year 1846, amounting in all to $710.42; for which sum judgment was demanded. The answer admitted the execution of the lease, and that the defendant took possession of the premises, and by himself and tenants occupied the same, and paid the rent and taxes to the 1st of July, 1846. The answer alleged that on the 7th of July, 1846, the plaintiff commenced an action of ejectment against one Bulger, then in the possession of the demised premises, to recover possession of the same, claiming the premises in fee, and alleging that Bulger had, on the 6th of July, entered and ejected him, the plaintiff, therefrom, and unjustly withheld possession from him; that the plaintiff recovered judgment against Bulger in the ejectment suit, on the 27th of October, 1846, and that a writ of possession was issued thereon to the sheriff of

Hall *against* Gould.

Albany county, by virtue of which the plaintiff was put in possession of the demised premises, on the 8th of December, 1846, and that he continued in the possession and occupation of the same until the expiration of the time for which they were demised to the defendant. The answer further alleged that the commencement of the ejectment suit, and the recovery therein, were without the knowledge, privity or consent of the defendant; and that he was not liable for the rent or taxes, after its commencement, by virtue of the lease.

The plaintiff, by his reply, alleged that Bulger was a tenant of the defendant, and opened and kept upon the demised premises, a retail liquor grocery, contrary to the terms of the lease; that the plaintiff ejected him for this cause from the premises, under and by virtue of the authority given him by the defendant in the lease; and that after he dispossessed Bulger, he made diligent efforts to relet the premises for the defendant, but was unable to do so. He denied that he, the plaintiff, after he dispossessed Bulger and during the term mentioned in the lease, occupied the premises, or exercised any control over the same, except as the agent of the defendant; and he insisted that he was entitled to recover the amount of the rent and taxes of the defendant, by virtue of the covenants contained in the lease.

On the trial, before Justice Edwards at the New-York circuit in November, 1850, the lease was read in evidence, and it was admitted that the defendant took possession of the premises by virtue of it, and sublet them to one Cole, and that the latter underlet them to Bulger, who kept a retail liquor grocery upon the premises; and that on account of his selling liquor at retail, the plaintiff brought the action of ejectment and recovered possession from him, which was delivered him by virtue of a writ of possession on the 8th of December, 1846; that he immediately afterwards made efforts himself, and employed an agent to relet the premises, but that no part of them was relet during the term specified

in the lease; and that in May, 1847, he paid taxes upon the premises agreed to be paid by the defendant, to the amount of $72.92.

Upon these facts, the counsel for the defendant insisted: 1. That the condition in the lease, whereby the plaintiff reserved the right to reënter, and then relet the premises for the benefit of the defendant, was repugnant to the grant, and void; and that the proceedings of the plaintiff to obtain possession amounted to an eviction and superseded the obligation to pay the rent as demanded in the complaint; 2. That if this condition was valid, the business of retailing liquor was a forfeiture of the term; and when the possession was restored to the plaintiff, by virtue of the recovery, the defendant became divested of all interest in the premises, and the plaintiff reinvested with his original estate. That after this the defendant had no estate as to which the plaintiff could exercise any authority; 3. That the power to plaintiff to relet the premises for defendant was void; that after eviction, the defendant could not relet the premises, nor could the plaintiff as his agent; and, upon these grounds, asked the court to dismiss the complaint. The court refused to do so, and the counsel for the defendant excepted.

The counsel for the defendant also requested the court to rule, that the plaintiff could not recover in this suit for the rent accruing intermediate the commencement of the action of ejectment and the time when the possession was restored to him by the sheriff. The court refused to so rule, and the defendant's counsel excepted. The court then ruled and decided that the plaintiff should not have brought the action upon the lease as for rent; but that the covenant therein contained was obligatory upon the defendant, and that the amount claimed as rent might be taken as evidence of the value of the premises, and the damages which the plaintiff had sustained by the violation of the covenant of the defendant not to use or suffer the premises to be used for the retailing

Hall *against* Gould.

of liquors.  That by the lease the defendant agreed to pay a specified sum for the use of the premises during the term, and he further agreed and consented that if the same were used to carry on the business of retailing liquor, he might be turned out of possession, and the plaintiff might reënter and relet the premises for the defendant's benefit.  That notwithstanding the plaintiff reëntered, for the cause specified in the contract, he was entitled to recover of the defendant, by way of damages, the amount of the sums which the defendant had agreed to pay as rent and taxes for the premises during the term, less such amount as the plaintiff, with reasonable diligence, had been able to realize by reletting the premises during the term specified in the lease.  That such recovery might be had in this suit, under the pleadings in the action properly amended; which amendments he had power to and would allow to be made on the trial.  To these rulings and decisions the counsel for the defendant excepted.  The jury rendered a verdict in favor of the plaintiff for $897.97.  A motion for a new trial upon a bill of exceptions, was made at a general term of the supreme court in the 1st district and denied, and judgment rendered upon the verdict.  The defendant appealed to this court.

*N. Hill, Jr.*, for the appellant.

I. The stipulation that the plaintiff might reënter as the agent for the defendant, without electing to forfeit the estate, could not be enforced, and the reëntry amounted to an eviction (*Lewis* v. *Payne*, 4 *Wend.*, 423): 1. It provided for applying the process of the court to a purpose not contemplated by law, or for changing its legal effect, and was therefore void (*Handy* v. *Chatfield*, 23 *Wend.*, 37; *Comyn's Dig.*, "*Condition*" *D.* 3); 2. It purported to reserve a power to reënter for the benefit of a person other than the grantor or lessor (2 *Jacob's Law Dict.*, 10); 3. It was repugnant to

the grant, and void on that ground; being a provision that the lessor might have the estate, and the rent also (*Scovell* v. *Cabell, Croke's Eliz.*, 107; *Comyn's Dig.*, "*Condition*". *D.* 3 *and* 4); 4. The defendant could not enforce any right of possession after the reëntry, nor compel a reletting for his benefit. (*Otis* v. *Wood*, 3 *Wend.*, 498; 4 *Kent's Com.*, 126, 127, *5th ed.*)

II. Assuming that the ejectment was authorized, the necessary legal effect of it was to extinguish all right to sue for the rent accruing afterwards (4 *Kent's Com.*, 126, 127, *5th ed.*): 1. The reëntry related back at least to the time of commencing the suit, and the plaintiff is deemed to have been in possession from that period (*Browne on Actions*, 477, 478; *Leland* v. *Tousey*, 6 *Hill*, 328, 331, 332); 2. His only remedy for the subsequent use of the premises was by a suggestion or action for mesne profits against Bulger; not by enforcing the lease (2 *R. S.*, 310, § 44 *et seq.*; *Jackson* v. *Leonard*, 6 *Wend.*, 534; *Broughton* v. *Wellington*, 10 *Wend.*, 566; 6 *Hill*, 328, 331, *and cases cited; Browne on Actions* 477, 478); 3. This is especially so as to the use intermediate the forfeiture and the recovery, the plaintiff having deprived the defendant of all redress as against others. (4 *Kent's Com.*, 126, 127, *5th ed.*)

III. The judge held that the matters pleaded and given in evidence formed a complete defence to the cause of action on which issue was joined, but erroneously allowed a new cause of action to be substituted after the evidence was closed. (*Code*, § 171.)

*J. A. Spencer*, for the respondent

I. A grantor may affix such lawful conditions to his grant as he may think proper; for the grant emanates from him, and the grantee accepts it with the conditions. The parties in this case agreed that the lessor might eject any one who sold liquor at retail on the premises, and relet the

Hall *against* Gould.

premises for the benefit of the lessee; the lessor's covenant to pay the rent for the whole term remaining in full force; and this was a lawful agreement between the parties, to which the court cannot refuse to give effect. (*Eno* v. *Woodruff*, 4 *Comst.*, 253; *Gilbert on Rents*, 136–138; *City of London* v. *Dias, cited in Woodfall's Land. and Ten.*, 241; *Roe* v. *Galliers*, 2 *Term R.*, 133; *Benson* v. *Bolles*, 8 *Wend.*, 175; *Cromwell's Case*, 2 *Coke R.*, 71.)

II. The entry by the lessor was lawful, and therefore did not discharge the lessee from his agreement to pay rent. An action for rent lies as well after as before reëntry, on the contract between the lessor and lessee. (*Hartshorne* v. *Watson*, 4 *Bing. N. C.*, 178; *Gilhooley* v. *Washington*, 4 *Comst.*, 217; *Pennant's Case*, 3 *Coke's R.*, 64.)

III. But, clearly, the plaintiff was entitled to recover damages for the violation of the agreement. These damages were as much as the rent which he had lost and the taxes which he had been compelled to pay by reason of the violation by the defendant of his agreement. The whole case appeared by the original pleadings; and if they were not in proper form the court had power to amend them on the trial.

JOHNSON, J. Three questions are presented in this case: 1st. Whether, upon the facts appearing in the pleadings and evidence, the plaintiff has made out a cause of action against the defendant; 2d. Whether that cause of action can be recovered upon under the pleadings, as they were originally drawn; and 3d. Whether it was in the power of the court to allow such amendments as were necessary to conform the pleadings to the facts.

Taking all the provisions of the lease together, it was manifestly the intention of the parties that in case of a breach by the lessee, or any one in under him, of the covenant " that he would not himself, nor would he allow any one else to make use of the premises for any kind of disrepu-

table business, including the keeping of a retail grocery of liquors," and a reëntry by the lessor for such breach, the lessee should remain answerable for any loss of rent to the lessor.    This is necessarily involved in the provision, that in case of reëntry the lessor was to relet the premises for the benefit of the lessee.    This being the agreement of the parties by an instrument under their seals, providing for the exact case which has happened, I do not see upon what ground a court can refuse to hold them to its terms.    It certainly is not an illegal agreement, nor is there anything unreasonable in a lessee agreeing to completely indemnify his lessor for any injury which may arise to him by the lessee's breach of his own agreement.

By the entry for condition broken, the estate of the lessee was at an end, and the lessor was in of his former estate. Rent, as such, could therefore no longer accrue to the lessor from the lessee ; his liability rested only upon his covenant looking to this very event.    The complaint in this case set out the hiring and the terms of payment provided by the lease, averred the entry and occupation by the defendant and his tenants, and that the rent was due for a certain specified period; to it was annexed a copy of the lease, with a notice that the action was brought upon it.    The answer and reply contained averments which put in issue between the parties all the facts material to determine their rights. Under these circumstances, there is no ground to suppose that the defendant could have been misled to his prejudice in maintaining his defence upon the merits.    The plaintiff has claimed the sum to which he turns out to have been entitled, he has given the instrument upon which his claim arose; but he has called the sum rent, when in point of law it was not, strictly speaking, rent.    This was not such a variance as it was beyond the power of the court to remedy by way of amendment. (*Code of* 1848, §§ 145, 146 147.)

The judgment should be affirmed.

Hall *against* Gould.

GARDINER, C. J., DENIO, MARVIN, CRIPPEN and DEAN, JJ., concurred in the foregoing opinion.

HAND, J. (Dissenting.) It is a familiar principle, that eviction by the lessor suspends the rent. (3 *Kent*, 464; 1 *Kern.*, 216; 4 *Wend.*, 423; *Taylor's L. and T.*, § 378, 379, *Com. L. and T.*, 216, 523, 526; 1 *Saund. R.*, 204, *a, n, q and f.*) And actual entry for forfeiture not only suspends the rent but determines the estate of the lessee. (4 *Kent*, 126; *Co. Litt.*, 202, *a;* 2 *Crui.. Dig.*, 54; *Com. L. and T.*, 324, *Stuyvesant* v. *Davis*, 9 *Paige*, 427.) So much so that it was held, in the court of exchequer in England, that after service upon the lessee of a declaration in ejectment for a forfeiture by the lessor, the latter could not sue for rent due or for covenants broken after such service. (*Jones* v. *Carter*, 15 *M. and W.*, 718.) By the forfeiture and the election of the lessor to enforce it, the relation of landlord and tenant is dissolved; and the lessor, by commencing an action of ejectment, elects to consider the lease determined and the lessee a trespasser from that time; and he cannot afterwards insist upon the further performance of his covenant. (*Stuyvesant* v. *Davis*, 9 *Paige*, 430; *see* 2 *Seld.*, 80.) The tenant will not be excused from the payment of rent which had before become due. (*Id.; Hartshorne* v. *Watson*, 4 *Bing. N. C.*, 178; *Harvey* v. *Oswald*, *Cro. Eli.*, 553, 572; *S. C. Nom. Pennant's case*, 3 *Co.*, 64.) But the estate is so completely determined, that it seems, at one time when equity gave relief to the tenants, it was by a new lease. (*Platt on Cov.*, 208; *Hack* v. *Leonard*, 9 *Mod.*, 90; *S. C.*, 6 *Vin.*, 438.) In this case the plaintiff not only made his election, but obtained possession by a judgment and execution; and he cannot now claim that this did not determine the lease.

But it is said that the lease not only gives the lessor power to enter upon and eject from the premises the occupants engaged in the prohibited pursuits, but to relet the same for the benefit of the defendant. But was it intended that

3 KERN.—9

the landlord should be the mere agent or instrument of the defendant for clearing the premises, when the defendant himself might be the delinquent party? But if that were so, the plaintiff has availed himself of it as a condition, a breach of which worked a forfeiture of the estate at his election; and that election he has made in the most solemn and conclusive manner, by the judgment of a court of law. Could the parties have understood that if the lessee broke this condition, an action of ejectment should be brought against him, and he should be turned out, and the lessor again relet the premises for his benefit or to his use, and for him? In whose name were they to be let? Not in that of the defendant, for the record was conclusive against him; and he could not have collected the rent because no title would have passed to his lessee. (*Platt on Cov.*, 575.) Indeed, there could be no reëntry for the forfeiture to the use of the lessee ; for if such an anomalous and unheard of course could have been valid, that use would have been executed ; and so, after the farce of a recovery and eviction, the parties would have been just where they were *ante litem.* But the law is not chargeable with such an absurdity. No stipulation in a lease would nullify a final judgment of the court. And if the plaintiff recovered his former estate, which he did, the defendant is not liable for subsequent rent ; nor can he be sued on the covenants in his lease. The decision in *Jones* v. *Carter* goes to that extent.

The learned judge at the circuit, it seems, held that the plaintiff could not recover rent ; but he thought the jury might give a verdict for the same amount, upon an implied covenant or agreement, to pay damages for a violation of the agreement not to suffer an improper use of the premises ; or in some way to indemnify the lessor, if they were not relet, or for as much. And as we cannot know what course the defendant would have taken, had the judge decided that he was liable for rent only, we must hold that the plaintiff is entitled to recover upon such implied cove-

Hall *against* Gould.

nant or agreement, and for the same amount, and on these pleadings, or there should be a new trial. But no such cause of action is hinted at in the complaint. That is simply for rent and taxes, interest and costs. Nor have I been able to study out any such cause of action in the reply, even if it be admissible under the new system, to abandon the complaint, and first state the cause of action in a reply. The reply admits the recovery, and shows that it was in conformity to the conditions of the lease; states the inability of the plaintiff to relet, and that the suit was with the knowledge, privity and consent of the defendant. But all this was for the purpose of showing that the plaintiff was entitled to the rent; and that is what he claims throughout. And besides, the consent of the defendant would not alter the effect of the judgment; and indeed it is not alleged that it was agreed or understood that the lease should not thereby be determined. The judge at the circuit held that the plaintiff could recover under these pleadings "with proper amendments," which he could and would allow. But the record sent to us contains no such amendments, and if it had, there are two answers to the claim of the plaintiff. He had put it out of his power, as we have seen, to sustain an action upon any covenant broken, after he brought his action of ejectment; and lastly, if there was any such agreement as he recovered upon, it was repugnant to the provisions of the lease, and its plain, legal construction. (*Scovill* v. *Cabell, Cro. Eli.,* 107.)

I think the judgment should be reversed.

**Judgment affirmed.**