# WALTER J. PEPPER

## *v.*

# JOHN ROWLEY.

1. RECOUPMENT—*in suit on lease.* In a suit to recover an installment of rent due on a lease, the defendant may recoup whatever damages he may have sustained in consequence of any breach of the covenants in the lease on the part of the plaintiff, if any.

2. LANDLORD AND TENANT—*when landlord may recover—eviction.* Where a lease, by its terms, was to continue until the termination of a certain suit in ejectment, and the lessee was dispossessed by a writ of restitution, issued in such suit before its final termination, it was *held*, that the lessor, in the absence of any fraud on his part in procuring the lessee to accept the lease, was entitled to recover all installments of rent which had matured before the lessee was evicted.

3. But where rent is due in installments, if a tenant is evicted by a stranger, such eviction is a bar to the recovery of any rent that may have accrued since the last installment became due, but not to any installment that has matured before eviction.

APPEAL from the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Messrs. PEPPER & WILSON, for the appellant.

Mr. I. N. BASSETT, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This action was to recover rent which had accrued and become due under a lease. The lease between the parties was in writing, and by its terms appellant let the premises to appellee from the 22d day of August, 1870, to the termination of a certain suit in ejectment, involving the title to the demised premises, then pending between Sophia C. Delano and James Gilchrist or John J. Bennett, at an annual rent of $320, payable on the first day of January, in each and every year, the first installment to become due on the first day of January, 1872.

Appellee went into possession and occupied the premises under the lease from the date thereof until May, 1873, when he was dispossessed by a writ of restitution, issued out of the circuit court, in the case of *Delano* v. *Bennett.* This suit is to recover the installments of rent due on and previous to the first day of January, 1873.

The defense set up is, first, set-off and payment, and, second, fraud. The latter is the only branch of the defense insisted upon in this court.

Counsel, as we understand their position, rest the defense on the ground there was fraud in procuring the lease, in this, that appellant, at the time of its execution, assured appellee he was in legal possession of the land; that he had obtained it through legal process; that he could lawfully hold the same until the termination of the suit in ejectment between Mrs. Delano and Bennett.

Without expressing any opinion on the question whether the facts, as alleged, if proven, would constitute any defense to the recovery of the rent that had become due and payable under the lease before appellee was dispossessed, we are of opinion the evidence does not show appellant was guilty of any fraud whatever in procuring appellee to accept the lease.

The contest as to the title to the demised premises was between Mrs. Delano and Bennett, both claiming to have the paramount title. The ejectment suit was brought against

Gilchrist, the tenant in possession, but Bennett, claiming to be the real party in interest, was substituted as defendant. At the February term, 1868, a trial was had of the ejectment suit, which resulted in a verdict finding the fee in the lands in Mrs. Delano, and the defendant guilty of withholding the premises. No motion for a new trial was made, and on the 6th day of April, 1869, a writ of possession was issued, which the sheriff executed on the next day by ousting Gilchrist, the tenant of Bennett, and placing appellant, as agent for Mrs. Delano, in possession. Appellant first rented the land to Gilchrist for Mrs. Delano. Shortly afterwards he purchased her title, and made the lease in question to appellee. It contains a clause which provides, in case appellant should be successful in the litigation, and eventually his title be established, appellee had the privilege to purchase it for the sum of $3200. This fact affords an explanation of the making of the lease. It will be observed the rent reserved was equal to ten per cent per annum on the agreed purchase money.

In the meantime, Bennett, before the expiration of one year from the date of the trial, had paid the costs and procured the clerk to redocket the cause. No steps were taken to have the court formally award a new trial, until after the lapse of the statutory period for granting a new trial as a matter of right. It was then discovered, no judgment in fact had ever been entered upon the verdict. For this reason the court, at the June term, 1869, granted a new trial in the cause as of the October term, 1868, and at the April term, 1873, awarded a writ of restitution, under which appellee was dispossessed.

The fraud charged consists in the alleged fact, appellant procured the writ of possession to be issued in the ejectment suit when no judgment had been entered, and represented to appellee that his possession was legal. All parties supposed a judgment had been entered upon the verdict. Bennett treated it as a judgment, and paid the costs with a view to move the court to vacate it and grant a new trial under the statute. It was the belief of the clerk the judgment had been entered, and the objection suggested by him to the attorney

who procured the writ to be issued was, not that no judgment had been pronounced, but it was less than a year from the time the case went from the docket until the costs had been paid. It was for that reason he thought the writ could not properly issue.

But was not appellant's possession in fact under legal process, as he represented? It was by virtue of a writ issued out of the circuit court, upon what all parties treated as a valid judgment, and which the court vacated as a judgment and awarded a new trial. Had the defendant in the ejectment suit not applied for and obtained a new trial, appellant's possession would have been good against all the world. It could not be known at that time the defendant would apply for a writ of restitution if a new trial should be allowed him. In the event of his failure to apply for such writ, appellant could rightfully hold possession until the termination of the suit between Mrs. Delano and Bennett.

Appellant may have expressed an opinion his possession was legal, that he could hold it to the end of the litigation, and yet be guilty of no fraud. At most, it was but the expression of his belief as to his legal right, about which he may have been honestly mistaken. He had no actual knowledge. No judgment had been rendered on the verdict, and the source of information was the public records, which were alike open to either party. Appellee was as much chargeable with notice of what they contained as appellant.

Our conclusion is, the lease was fairly obtained, understandingly entered into and accepted by appellee. The rent was payable in installments, some of which had matured, and the right of action attached before appellee was dispossessed. As to such installments as had previously matured, he is clearly liable. Taylor on Land. and Ten. sec. 387; *Leadbeater* v. *Roth*, 25 Ill. 587.

In the view we have taken of the law of the case, the first and second of appellee's instructions should not have been given. They do not state the law accurately, as we understand it. On

another trial the court will make the instructions conform to the principles stated in this opinion.

If there has been a breach of any covenant contained in the lease, whatever damages appellee has sustained in consequence thereof, may be recouped in this action from the amount of rent due under the lease. No rent could be recovered for the time appellee occupied the premises after January, 1873. The fact appellee was dispossessed before any other installment became due, would constitute an effectual bar to any further recovery.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*