## JOHN B. GROMMES AND MICHAEL ULRICH
### v.
## ST. PAUL TRUST COMPANY ET AL.

*Landlord and Tenant—Guarantee of Payment of Rent by Third Party.*

1. Provisions in leases that upon a re-entry for breach of covenants, the landlord may re-let the premises for the account of the lessee, holding him for any deficiency, have uniformly been upheld.

2. An eviction is not a bar to rent that had previously accrued.

3. A clause providing that a re-entry may be made without the same " working a forfeiture of the rents to be paid " refers to rents to be paid after the re-entry.

4. Where a lease contains a clause prohibiting sub-letting, in case it takes place, receipt of rent by the landlord from the sub-tenant does not release the tenant from his promise to pay, should the former fail to do so, but such receipt amounts to a waiver of such condition.

5. In an action against the guarantors upon a lease of the payment of rent provided for therein, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed January 7, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

The facts presented by this record are that on or about the first of October, 1888, General Sibley, of St. Paul, Minnesota, leased to one H. C. Donnelly, certain premises in that city until the 31st day of December, 1889, at a rental of $200 per month, payable monthly in advance. The lease contained the usual provisions prohibiting an assignment of the lease, or any sub-letting of the premises, without consent of the landlord, and required them to be kept in good condition and repair; and contained a covenant that the lessee at the expiration of the term would quietly surrender up possession of the premises. The lease contained this further provision:

"It is further agreed by and between the parties hereto, that should said party of the second part, his heirs, executors, administrators or assigns, fail to make the above mentioned payments, as herein specified, or to pay any of the rent aforesaid, when due, or shall fail to fulfil any of the covenants herein contained, then, and in that case, it shall be lawful for the said party of the first part, his heirs, executors, administrators or assigns, to re-enter and take full and absolute possession of the above rented premises, and hold and enjoy the same fully and absolutely without such re-entry working a forfeiture of the rents to be paid, and the covenants to be performed by the said party of the second part, his heirs, executors, administrators or assigns, or any of the same, during the full term of this lease."

The lease also provided that the lessee, on paying the rent and performing the covenants specified, should have peaceable possession of the premises during the devised term.

At the time the lease was made, and as part of the transaction and before delivery, the appellants executed the following contract of guaranty, indorsed thereon:

"State of Minnesota, Ramsey County. We, John B. Grommes and Michael Ulrich, co-partners, doing business at Chicago, Illinois, under the firm name of Grommes & Ulrich, in consideration of the execution and delivery of the foregoing lease from Henry H. Sibley to H. C. Donnelly, and of the sum of one dollar to us in hand paid by said Henry H. Sibley, the receipt whereby is hereby acknowledged, do hereby covenant, guarantee and agree that the said H. C. Donnelly shall well and truly pay all rents and perform all other covenants and conditions to be by him paid, kept and performed, according to the terms and conditions of said lease, for and during the entire term thereof.

Witness our hands and seals, at St. Paul, this 4th day of October, 1888.

JOHN B. GROMMES,        [SEAL.]
MICHAEL ULRICH,
           Partners as Grommes & Ulrich.

In the presence of
      HYLER H. HORTON,
      WM. H. KINKAID."

Possession of the premises was immediately taken by the lessee. January 4, 1889, Donnelly, the lessee, sold out to one D. P. Ruse, who took possession and paid rent to Sibley up to June 1st of that year. About the 20th of June, the lease was placed by General Sibley in the hands of Harvey Officer, his attorney, who made demand for the rent for the month of June, 1889, which was not paid. On the 1st of July following, he again made demand for the rent for the months of June and July, which was not paid. On the 23d of June, 1889, a formal demand was made for possession of the premises.

On the 2d of July, 1889, General Sibley commenced a suit of forcible entry and detainer in the Municipal Court of St. Paul, Minnesota, which had jurisdiction of such cases,

against H. C. Donnelly, the lessee, and one D. P. Ruse, in which such proceedings were had that a judgment was rendered on the 16th day of July, 1889, for restitution to the plaintiff of the premises described in the lease, for failure to pay rent for the months of June and July of that year. A writ of restitution was issued to the sheriff of Ramsey County, which was returned executed, and the keys of the premises delivered to General Sibley's agent on the 17th of July, 1889. The appellants were notified of the failure to pay rent for the months of June and July on the 3d day of July, 1890, and referred the matter to their attorney by a letter dated July 5th. On the 9th of July, 1889, Horton, the attorney of appellants, was notified that the lessee was in default, and suit for possession pending, and shortly after the recovery of possession of the premises, General Sibley's attorney called on the attorney of the appellants, and tendered him the keys of the premises, which he refused to receive, and he was shortly afterward notified that General Sibley would make due effort to rent the premises himself, so as to reduce the loss under the lease as much as possible. The premises were advertised for rent by General Sibley's attorney, but remained vacant and unoccupied during all the remaining period of the term.

This action was brought upon the contract of guaranty indorsed upon the lease, to recover the rent which accrued under it, from the 1st day of June to the 31st day of December, 1889. A verdict was returned in favor of the appellees for the face of the stipulated rent for the time mentioned, and a judgment entered thereon, from which an appeal has been prosecuted to this court.

Messrs. Hyler H. Horton and Winston & Meagher, for appellants.

Messrs. Otis & Graves, for appellees.

Mr. Justice Waterman. It is not claimed that, without the special provision of the lease under consideration, there

would have been any liability, either of the lessee or of appellants, his guarantors, for the payment of rent accruing after the judgment of restitution.

Provisions in leases that upon a re-entry for breach of covenants, the landlord may relet the premises for the account of the lessee, holding him for any deficiency, are. not uncommon, and have, so far as we are aware, uniformly been upheld. Hall v. Gould, 13 N. Y. 127; Morgan v. Smith, 70 N. Y. 537.

The principal question in this case is, as to the continuance of the liability of the lessee for rent, the landlord not having proceeded without process to re-enter, but having in a court of competent jurisdiction obtained a judgment of restitution under which he took possession.

It is conceded that, a forfeiture of the conditions of the lease having taken place, the landlord might, under the conditions of the lease, have re-entered without process. The fact that instead of doing without process what he might, he commenced suit to have his right established, and under a judgment of court re-entered, we do not think material. The lessee had gone out. Apparently all parties, Donnelly, Ruse and appellants, were quite willing that Sibley should re-enter. We do not see that by the caution of the landlord in declining to take possession until he had obtained a judgment of restitution, appellants or the lessee were injuriously affected or can have any exemption from their liability under the terms of the lease and guaranty. The course pursued by General Sibley was very similar to that taken by the landlord in Hall v. Gould *supra.*

The lease provides that a re-entry may be made without the same "working a forfeiture of the rents to be paid." We think this must refer to the rents to be paid after the re-entry. An eviction is not a bar to rent that had previously accrued. Wood on Landlord & Tenant, 1st Ed., page 780; Leadbeater v. Roth, 25 Ill. 478; Wright v. Lattin, 38 Ill. 293; Pepper v. Rowley, 73 Ill. 262.

The provision can not be given any significance without

holding that it applies to rents that may accrue after a re-entry. Such being the terms of the contract, appellants became, by their guaranty, guarantors of the payment of rent after as well as before a lawful re-entry.

It is urged that the judgment of restitution put to an end the estate of the lessee, and therefore no rent of the premises could thereafter accrue. So also, when under a lease permitting re-entry for breach of covenants, the lessor, upon covenant broken, re-enters, and in pursuance of provisions permitting him to relet for account of the lessee, does re-let them to a third party, the estate of the lessee is at end, for it is manifest that the same estate can not be in two separate and several lessees; yet the deficiency thus arising may be collected by the lessor.

It is immaterial whether the sum which, in the present case, appellee has recovered from appellant be rent, according to the strict legal definition of that word. The contracting parties, Sibley and Donnelly, provided that a re-entry for a forfeiture should not work a forfeiture of what they were pleased to call "the rents to be paid." If what they meant is clear, it is of no consequence that a lawyer might not, in endeavoring to be technically accurate, speak of sums to be paid for a period in which the lessee had no estate as rent.

We do not find that the testimony of General Sibley was introduced in evidence.

Appellants might have had the jury instructed that the affidavit of General Sibley, contained in the record of the suit for restitution, and all reference to matters contained in such affidavit, whether in the writ issued or the opinion given in said suit, were to be disregarded in the present action; but if all that appellants desired to show by Donnelly had been admitted, we do not think it would have been material.

The reception of rent by Sibley from Ruse was undoubtedly a waiver of the condition in the lease against sub-letting, but it did not release Donnelly from his obligation to pay; while of course, from his promise to pay rent which Ruse actually paid, Donnelly was relieved.

The lease being produced, it was itself *prima facie* evidence that the rent for the expired term had not been paid; that is, the burden was thus thrown upon appellants to show payment. Aside from this, there was a good deal of evidence of a failure to pay. The agent of the landlord testified that he repeatedly demanded payment; there was no pretense that any claim had ever been set up that any rent subsequent to June 1, 1889, had been paid, and Ruse testifies that the month of May, 1889, was the last payment he made.

The jury were fairly instructed, and we find no error requiring a reversal of the judgment of the Circuit Court; it is therefore affirmed.

*Judgment affirmed.*