## Harmony Company v. Albert Rauch.

1. RECOUPMENT—*In Actions for Rent.*—In actions to recover rent, the defendant may recoup whatever damages he may have sustained on account of any breach of the covenants of the lease by the landlord.

**Transcript from a Justice of the Peace.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

This case was originally brought before a justice of the peace to recover one month's rent, being the month of

September, 1894, due by the terms of a certain lease executed by the parties to this suit, amounting to the sum of $150. In the courts below both trials resulted in a judgment for the appellee, and appellant now prosecutes this appeal from the Circuit Court to reverse the last judgment.

Appellant claims that the landlord, appellee, was guilty of such acts of omission as to entitle it to abandon the premises before the expiration of the term. In other words, a constructive eviction is sought to be set up as a bar to a recovery. It is provided in the lease that "the lessor shall keep said premises heated to a minimum of seventy-five degrees for ten hours per day, and for six working days per week, and also to furnish said party of the second part with power equal to ten horse power for ten hours per day for six days each week, national holidays and five days additional for repairs during the year excepted (or more if necessary)."

It is claimed by appellant that appellee was guilty of a breach of the foregoing covenant, in that he did not furnish the requisite steam heat and power, and that it was entitled to abandon or at least to recover the damage it suffered, against appellee's claim, and there was evidence tending to sustain such claims.

The court instructed the jury to find for appellee the sum of $150, being one month's rent.

ERNEST SAUNDERS, attorney for appellant; WILLIAM G. ERNEST, of counsel.

Where the use is a privilege or easement, which constitutes a part of the demised premises, the deprivation of the tenant of such is such a disturbance of possession as to create an eviction. U. S. Savings Bank v. Newton, 76 N. Y. 616.

If the tenant loses benefit of any part of the demised premises by act of the landlord the rent is thereby suspended. Walker v. Tucker, 70 Ill. 541.

Where lessor rents room in a building and agrees to keep

building in repair, and neglects to repair, so that roof leaks and renders room unfit for purpose for which it is rented, and lessee leaves same on this account, lessor will not be entitled to recover rent for room for time after it is abandoned. Russell v. Lloyd, 100 Ill. 214.

If a party acts contrary to the intention of a covenant he is guilty of a breach. Gear, Landlord and Tenant, Sec. 87; Comyn's Dig. "Covenant," 2.

The ordinary measure of damages for breach of covenant is actual loss resulting to complainant directly, proximately and actually from the breach. Gear, Landlord and Tenant, Sec. 88.

Bulkley, Gray & More, attorneys for appellee.

If the tenant retains possession of the leased premises (actual or constructive) he is liable for the rent so long as this possession continues. The tenant, before he can defend against recovery of rent, must abandon the premises and not retain either the actual or constructive possession of them. Burnham v. Martin, 90 Ill. 438.

No wrongful act of the landlord will suspend or extinguish the rent if the tenant continues to keep the premises during the time such rent accrues. Taylor on Landlord and Tenant, Sec. 380; Edgerton v. Page, 20 N. Y. 281.

Mr. Justice Waterman delivered the opinion of the Court.

This being an action to recover rent, appellant was entitled to recoup whatever damages it may have sustained on account of any breach by appellee of the covenants of the lease. The court should therefore not have instructed the jury to find for appellee. Pepper v. Rowley, 73 Ill. 262; Lindley v. Miller, 67 Ill. 244; Lunn v. Gage, 37 Ill. 19; Christy v. Ogle, 33 Ill. 295; Reeves v. Hide, 14 Ill. App. 233.

The judgment of the Circuit Court is reversed and the cause remanded.