(18 Misc. Rep. 374.)

### NATHAN v. GENDRON IRON-WHEEL CO.

(City Court of New York, General Term. October 30, 1896.)

LANDLORD AND TENANT—ABANDONMENT BY TENANT—RENT.

A landlord who enters premises abandoned by the tenant, and relets, under a clause in the lease reserving the "right to enter," after a breach of covenant, "and to relet the premises as the agent of said lessee, and to receive the rent therefor, applying the same to the payment of rent due," can recover, as damages for breach of contract, the deficit between the rent reserved on the old and that received on the new lease.

Appeal from trial term.

Action by Pinkus Nathan against Gendron Iron-Wheel Company for damages for breach of contract. From a judgment entered on a verdict in favor of plaintiff, directed by the court, defendants appeal. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

J. D. Townsend, for appellants.
T. C. Campbell, for respondent.

SCHUCHMAN, J.   This is an appeal from a judgment entered in favor of the plaintiff, by the direction of the court on the trial. The plaintiff, in his complaint, set up a cause of action for two months' rent, to wit, February and March, 1894, which he claims were due under a written lease given to the defendants for the term of 10 years, commencing April 1, 1893, and ending April 1, 1903.   The defendants, in their answer, set up that on January 31, 1894, they abandoned the premises, and that on or about February 15, 1894, the plaintiff relet the premises to one L. Abraham for a term of years.   The proofs on the trial show that two written leases, the one made to the defendants, and the other made to said L. Abraham, were offered, and, without objection, accepted in evidence.   The lease to the defendants contained the following clause (subdivision 10):

"And the lessee hereby agrees to pay the said yearly rent as above stipulated, without any deduction, fraud, or delay; it being understood that in case of nonpayment of the rent at the times and in the manner above provided, or if default shall be made in any of the covenants or agreements herein contained, the said lessor and his legal representatives shall have the right to enter the said premises, either by process of law or otherwise, and to relet the same premises, as the agent of the said lessee, and to receive the rent therefor, applying the same to the payment of the rent due by these presents, and holding the lessee and its legal representatives liable for any deficiency, and for any damage that may be caused by or through such entry or reletting."

The lease made to L. Abraham bears date February 10, 1894, and provides for a term of five years from April 1, 1894.   No fault was found at the trial by the defendants with the cause of action as brought, and, the evidence containing all the necessary facts to base the judgment on, no interference therewith can be had on this appeal by reason of the form of action.   The plaintiff was entitled to recover damages for the breach of the covenants in the

lease. These damages were as much as the rent stipulated in the lease. Neither one of the attorneys herein has cited any authorities in support of their respective contentions. Therefore, we simply state our views.

The defendants were liable for the term of 10 years to pay rent under the covenant contained in their lease. When the defendants abandoned the premises, the plaintiff had a right to re-enter, and, under the tenth clause contained in the lease, to relet the premises, at the best terms he could secure, and he had a right to select a good and proper tenant. The evidence adduced at the trial shows that the landlord did the best he could in securing a new tenant. The evidence offered by the defendants on the trial was insufficient to raise any question of fact to be submitted to the jury. The burden of proof to do so was on him. The court therefore was right in refusing to submit the question to the jury, as requested by the defendants' attorneys, and the plaintiff was entitled to a direction by the court. Hall v. Gould, 13 N. Y. 127.

Judgment affirmed, with costs. All concur.