(30 Misc. Rep. 452.)

### JAMES v. RUBINO.

(Supreme Court, Appellate Term. February 8, 1900.)

LANDLORD AND TENANT—RELEASE—TENANT—RENT RESERVED—LIABILITY.

    A lease provided that on default of the tenant the landlord could relet the premises for the remainder of the term, and the tenant would make good any deficiency in the rent. The tenant vacated the premises, but continued to pay rent till within three months of the expiration of the term. In order to relet, the landlord was obliged to permit occupancy for the first two months without rent. *Held*, the tenant was liable for the full amount of the rent reserved for such period.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action for rent by D. Willis James against Henry A. Rubino. From a judgment for plaintiff, both parties appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Greene & Stotesbury (Louis W. Stotesbury, of counsel), for plaintiff.
J. Noble Emley, for defendant.

LEVENTRITT, J.   The plaintiff leased to the defendant certain premises for a term expiring on the 1st day of October, 1899, at a monthly rental of $40.   The written lease provides that, in the event of default, the landlord "may resume possession of the premises, and relet the same for the remainder of the term at the best rent he can obtain, for the account of the tenant, who shall make good any deficiency."   The defendant moved out in April, 1899, but continued to pay rent until within three months of the expiration of the term. The plaintiff relet to a new tenant for those three and the succeeding twelve months, but, according to his proof, was compelled, in order to induce execution of the lease, to permit occupancy for the first two months without payment of rent.   This action is brought to recover the rent reserved for those two months.   The defendant contends that the act of the plaintiff constituted an acceptance of the surrender of the premises.   The justice below allowed a recovery to the plaintiff, but not in the amount prayed for.   He apportioned the aggregate rent stipulated in the new lease equally among the fifteen months of the term, and, applying the ratable proportion for the two months upon the plaintiff's claim, reduced it accordingly.   From this determination both parties have appealed.

The right of the plaintiff to relet for the account of the defendant cannot be disputed.   Hall v. Gould, 13 N. Y. 127; Morgan v. Smith, 70 N. Y. 537.   In reletting he acted as the agent for the defendant, and the only question involved is his good faith.   That has not been attacked.   The uncontradicted testimony is that, after repeated unsuccessful efforts, not resulting even in an offer, a new tenant was secured only on the condition that no rent should be exacted for the first two months.   The defendant did not meet this proof, or attempt to impeach it.   It was at the landlord's option to allow the premises to remain vacant.   Procuring a tenant for one of the three months for which the defendant would otherwise have been liable relieved the latter in part of the burden which, in the absence of the reletting, he would have had to bear.   As was said in the case of Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576, "He is a gainer, rather than a loser, by reason of such reletting."   On the entire proof the plaintiff was entitled to a full recovery, and the judgment must, therefore, be reversed.

Judgment reversed, and a new trial ordered, with costs to the plaintiff (appellant) to abide the event.   All concur.

MacLEAN, J.   In this action for the recovery of rent upon a written lease providing for payment "in advance on the 1st day of each and every month" the plaintiff was permitted to introduce evidence to prove that not upon the 1st, but upon the 15th, calendar day of the month, or the 1st day of each current month of the term, did rent

become due and owing. The like privilege was denied the defendant, although thereupon, measurably, hinged the amount of his liability. This was error, for which the judgment should be reversed.