SURPRISE BUILDING COMPANY, Respondent, *v.* MAX ROSENBLATT, Appellant.

First Department, March 16, 1934.

*David Haar*, for the appellant.

*Abraham Benedict* of counsel [*Adam K. Stricker*, attorney], for the respondent.

TOWNLEY, J.   This suit is brought by a landlord against a tenant to recover the amount of certain taxes which accrued during the term but on which payment had not come due until after the termination of the tenancy by a summary proceeding.

On April 30, 1919, plaintiff landlord leased premises to the defendant tenant for a term of eighteen years commencing May 1, 1919, and expiring April 30, 1937.   The rent was payable in equal monthly installments in advance on the first day of each month. The tenant covenanted as follows: " The tenant covenants to pay as rent in addition to the other moneys herein agreed to be paid by them as rent, and discharge within thirty days (30) after the same shall be due and payable, all duties, taxes (all annual municipal taxes of the City of New York, and other taxes), assessments, water rents, payments and charges of every kind or nature whatsoever extraordinary as well as ordinary, which shall or may, during the term hereby granted, be levied, charged, assessed or imposed upon or grow due or payable out of or for the demised premises. * * * If any of the foregoing or following additional rent items according to the terms of said foregoing and following provisions, be not paid by the tenant, the landlord may pay said items so in default, and said amount with interest thereon shall be added to the next payment of rent reserved, and the tenant agrees to pay the same to the landlord as rent in addition to the next installment of rent, on the first of the next succeeding month."

Defendant failed to pay the rent due on May 1, 1933. Summary proceeding was commenced against the defendant May 2, 1933, for the non-payment of the 1932 taxes, payment of which was also in default, and the May, 1933, rent and a final order and warrant was issued in that proceeding. There was a money judgment awarded for $13,824.29 and the defendant was dispossessed May 13, 1933. The present suit was commenced June 19, 1933, for the first half of the 1933 taxes.

The following provision covers defaults in fulfilling the covenants and conditions of the lease: "If the tenant shall make default in fulfilling any of the covenants and conditions of this lease or in making any payment herein provided for or in case the tenants abandon the premises, the landlord may re-enter the said premises and remove all persons therefrom either by any suitable action or proceeding at law or by force or otherwise without being liable to indictment, prosecution or damage therefor, and in any such case the landlord may give the tenant notice of his election to terminate the term of this lease and if such default be not immediately made good, the term hereby granted shall expire and all right of occupation hereunder on the part of the tenant shall end and the tenant will quit and surrender the said premises to the landlord, or at the landlord's option, the landlord may re-let the premises as the agent of the tenant and receive rent therefor, applying the same first, to the payment of such expenses as he may be reasonably put to in re-entering and leasing said premises, and then to the payment of the amount which would be payable as rent and other payments which might or would become due and payable by the tenant according to the terms of this lease if the same had not been terminated, and the balance if any at the expiration of this lease or any renewal thereof, shall be paid over to the tenant."

While the summary proceeding terminated the relation of landlord and tenant, the provision that "the landlord may re-let the premises as the agent of the tenant" is sufficient to constitute a survival clause. (*Lenco, Inc.*, v. *Hirschfeld*, 247 N. Y. 44, 49.) The survival of the tenant's duty under the lease, however, is not a survival of a liability for rent but for damages. (*Kottler* v. *New York Bargain House, Inc.*, 242 N. Y. 28.) The distinction is that if the landlord lets as agent for a tenant during the existence of a term, the tenant remains liable for rent and what is received through a reletting is merely a payment on account. But if after the expiration of a term, the landlord relets as agent, the tenant is liable only for damages. (*Hall* v. *Gould*, 13 N. Y. 127; *Underhill* v. *Collins*, 132 id. 269; *McCready* v. *Lindenborn*, 172 id. 400.)

In the lease before us there is no agreement under which, after

the termination of the lease, the tenant shall none the less remain responsible for monthly deficits, without charging the landlord with the duty to account for a possible surplus which might arise at other times. In *Hermitage Co.* v. *Levine* (248 N. Y. 333) the Court of Appeals said that in such a situation " a liability for damages resulting from a reletting is single and entire, not multiple and several. The deficiency is to be ascertained when the term is at an end."

In view of these principles of law, the tenant urges that this action is prematurely brought and that the claim is merged in the ultimate claim for general damages which cannot be brought until 1937.

The point is not well taken. Tenant's promise was to pay the amount of taxes *assessed* during the term. The taxes were assessed prior to May first. The obligation of the tenant thereupon became a fixed, definite debt collectible even after the end of the term. (*Wall* v. *Hess*, 232 N. Y. 472.) It was from that date " owing " to the landlord, but not yet due. The concept of a debt which is owing but not due is not a novelty in the law. (*Hendricks* v. *Town of Julesburg*, 55 Col. 59; 132 Pac. 61.) The same concept is commonly used in bankruptcy courts. For example, in *Matter of Flynn* (13 Am. Bank. Rep. 720) it was held that taxes " legally due and owing " at the time of the bankruptcy, but not payable until after the adjudication, was a provable claim. So here. The tenant agreed to discharge these taxes in thirty days after they became due and payable. They accrued and were owing during the term, but were not payable until after the final order and warrant issued. The decision in the *Hermitage Co. Case* (*supra*) was never intended to postpone indefinitely into the future accrued claims simply because the date of payment accidentally fell outside of the term. No useful purpose would be served by relegating this type of debt to the general damage to be sued for at the end of the original lease period.

The judgment and order granting summary judgment should be affirmed, with costs.

FINCH, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Judgment and order affirmed, with costs.