MARY ANN CONNOR, *v.* HENRY BRADLEY AND MARY, HIS WIFE.

In an action of ejectment, if the plaintiff count upon a lease to himself from a person whom the evidence shows to have been dead at the time, it is bad.

It is a settled rule at common law, that where a right of re-entry is claimed on the ground of forfeiture for nonpayment of rent, there must be proof of a demand of the precise sum due at a convenient time before sunset, on the day when the rent is due, upon the land, in the most notorious place of it, even though there be no person on the land to pay.

In proceeding under the statute of 4 Geo. 2, it must be alleged and proved, that there was no sufficient distress upon the premises on some day or period between the time at which the rent fell due and the day of the demise; and if the time when, according to the proofs, there was not a sufficient distress upon the premises, be subsequent to the day of the demise, it is bad.

THIS case was brought up by writ of error, to the Circuit Court of the United States for the District of Columbia and county of Washington.

The case was this :

.. In 1807, William Prout, living in the city of Washington, and being the owner, in fee, of a lot in said city, made a lease of a part of it to Joseph B. Parsons, for the term of ninety-nine years, renewable forever. It was in the usual form and contained the usual covenants, (with the exception of the one hereafter

mentioned,) reserving an annual rent of thirty-five dollars, paya-
ble on the 13th day of March, clear of all taxes, charges, rates, or
assessments whatsoever.    There was a covenant that if the said
yearly rent of thirty-five dollars should be unpaid at the expira-
tion of sixty days after it was due, and no sufficient effects could
be found upon the premises, whereon to levy the same, it should
be lawful for Prout, his heirs or assigns, to re-enter and take pos-
session of the leased premises.

The special covenant was to this effect, that if at any time or
times thereafter, and before the expiration of the lease, Parsons,
or his heirs, executors, &c., should pay to the said Prout, his
heirs, executors, administrators or assigns, the sum of $196 87½
cents over and above all rents for said piece of ground that
might then be in arrear, that then the said Prout, his heirs, &c.,
should make and execute a good and sufficient deed of release
in fee simple to the said Parsons, his heirs, &c., for the said piece
or portion of ground.

In 1813, Parsons died, having occupied the leased property
from the time that the lease was made.

In 1815, and prior thereto, the widow of Parsons, who con
tinued in possession of the property, paid to Prout $100 on ac
count of the purchase of the fee simple in the said lot.

In 1823, Prout died; Mary Bradley, one of the lessors of the
plaintiff, being one of his surviving children.   After Prout's
death, the widow of Parsons gave possession of the property in
question to Mary Ann Connor, the defendant in the ejectment,
who for some time paid the taxes as they accrued, and also paid
various sums of money on account of the rent due, and in ar-
rear, and of the accruing rent.

In 1831, a partition of the estate of Prout was made, according
to law, among his children, and the leased premises in question
were assigned to Mary Bradley.   After the partition, Mary Ann
Connor made payments on account of the rent to Mary Bradley,
and also paid the taxes to the corporation of the city of Wash-
ington, up to the year 1831, but omitted to pay the taxes for the
years 1831, 1832, 1833, and 1834, amounting in all to $44 33 cents.

In 1835, George Adams, the collector of taxes for the corpora-
tion of Washington, after having advertised the property, set up
to sale the leasehold interest in the said premises, but receiving

no bid for the same, immediately thereafter exposed to public sale the fee simple interest and estate, which was purchased by one Allison Nailor, for the sum of $49 83 cents, being the amount of taxes due thereon, together with the expense of selling the same. The property had been assessed on the books of the corporation of Washington, from 1813 to 1838, in the name of Joseph B. Parsons's heirs.

On the 2d of June, 1838, the corporation of Washington made a deed of the premises to Allison Nailor, and, in November following, he conveyed them to Mary Ann Connor.

In November, 1838, Henry Bradley, and Mary his wife, brought an ejectment against Mary Ann Connor, counting on two demises; one from William Prout, on the 1st day of January, 1827, and the other from Henry Bradley and Mary his wife, on the 1st day of January, 1838.

The judgment of the court below was for the plaintiffs. Two bills of exceptions were taken, the first of which it is only necessary to notice, and which is stated at large in the opinion of the court.

*Brent* and *Brent*, for the plaintiff in error, and *Bradley*, for defendant. Only such parts of their arguments will be noted as bear upon the point upon which the court rested their judgment.

*Brent*, for plaintiff in error, contended, that, as to the first demise, laid on the 1st January, 1827, it was bad, because the evidence showed that Prout died in 1823. 3 Wend. 153.

The second demise is laid on the 1st January, 1838, and the lessor must show a right to re enter on that day; and he cannot have such right unless there be insufficient distress upon the premises. 3 Harris and Johns. 19; 5 Harris and Johns. 175; Adams on Ejectment, 189; 1 Johns. Ca. 283; 6 Cowen, 149; 2 Leigh's N. P. 882, 883, 934; 4 Durnf. and East, 681; 6 Binn. 454; 3 Bibb, 297; 3 Marshall, 134; 3 Monr. 221. The evidence shows that there was not sufficient distress on the premises, on the — day of October, 1838, but not how it was in January, 1838. Evans's Practice, 48; Adams on Ejectment, 150, reciting statute of Geo. 2; 7 Durnf. and East, 117, 120; 2 Leigh's N. P. 924; Doug. 485; 15 East, 286; 2 Chitty's Pleading, 880, note K; 2 Maule and Selw. 529; 6 Cowen, 149.

*Bradley.* 15 East, 286—288, (referred to in Leigh's N. P.) only says that there must be an insufficiency at the time of the notice, or when the declaration was served. But in this case the tenant sets up an adversary title, and does not come within the rule. Buller, N. P. 96; 6 Johns. Rep. 272.

Connor must be considered as a trustee for the true owner, having obtained the title by fraud. 2 Bos. and Pul. 178; 8 East, 263. Court will direct the jury to presume a deed from trustee to *cestui que trust.* 4 T. R. 682.

*Brent,* in conclusion, insisted that the demise in the declaration must correspond with the right of entry, which did not accrue until there was an insufficient distress. 8 Peters, 214. Reason of the rule stated in 3 Harris and Johns. 19; 6 Johns. 273. Question of fraud not raised in the bill of exceptions.

Mr. Justice DANIEL delivered the opinion of the court.

At the trial below, the jury having returned a verdict for the plaintiff, the court thereupon adjudged to him his unexpired term in the premises claimed. To the rulings of the court in the progress of the trial two bills of exceptions were sealed at the instance of the defendant. The second of these bills is adverted to merely as making a part of the history of this cause. The questions thereby presented as growing out of the assessment of taxes on lots in the city of Washington, and the modes of proceeding by the corporate authorities to subject the real property of delinquents to sale for arrears of taxes, under the acts of Congress applicable to such subjects, are withdrawn from the action of the court by previous and more material considerations claiming its attention under the first bill of exceptions; and which, in the view of the court, must determine the rights of these parties in their present attitude here. This bill of exceptions is in the following words:

Defendant's first exception.—On this trial of this cause, the plaintiffs, to maintain the issue on their part joined, gave in evidence a lease from William Prout to Joseph B. Parsons, as follows, (copied in page 18,) and proved that the premises in question are the same as those mentioned in said lease; they farther gave evidence, to show that Joseph B. Parsons entered into the

possession of the said premises under the said lease, and continued to occupy them until his death, which happened some time in the year 1813; that he left a widow and seven children, of whom the defendant is one; that his widow was left in the possession thereof at his death, and remained and continued in said possession until the death of said William Prout, which happened some time in the year 1823; that previous to the year 1815, she paid to the said William Prout, $100 on account of the purchase of the fee simple of the said lot; that some time after the death of the said William Prout, the said widow of Joseph B. Parsons abandoned the possession of the said premises to the defendant, and the defendant took possession, thereon claiming to hold the leasehold interest, with the full knowledge and consent of said widow, and of the children of said Joseph B. Parsons; that the defendant thenceforth paid the taxes on the said lot under the said lease, and, from time to time, paid various sums of money on account of the rent due and in arrear under the said lease, and of the accruing rent; that, as appears by the within admission of the defendant filed in this cause, marked A, and as follows, (copied in page 14,) a partition of the estate of said William Prout was made, in March, 1831, among his children; that by that partition, the said premises, and the reversionary interest in the land described in the said lease, was assigned Mary Bradley, one of the plaintiffs, in fee simple; that the square in which the said demised premises are situated, was divided into lots, on the plan of the city of Washington; that after said partition, the said defendant paid moneys on account of said rent, under said lease, to said Mary Bradley, and also paid the taxes to the corporation of the city of Washington, as provided in said lease, to the year 1831; that she failed to pay the taxes for the years 1831, 1832, 1833, and 1834, amounting in all to the sum of $44 33 cents, and the said leasehold interest was set up for sale, and it not producing enough, the fee simple of the ground described in said lease was set up for sale for taxes, and was sold; that at the time of the said tax sale, there was personal property on the said ground, liable for said taxes, more than sufficient to pay such taxes, and the said ground was improved property, having a dwelling-house upon it; that after said tax sale, the defendant promised the plaintiffs to redeem said property, and failed to do so within the two

Conñor *v.* Bradley et ux.

years next succeeding said sale; that she waited until said two years had elapsed, and then called upon Allison Nailor, the purchaser thereof at said tax sale, and represented to him that she was the owner of the said property, and obtained from him an assignment of his certificate of purchase at said tax sale; that afterwards, the said assignment was cancelled, because the corporation could make no deed to an assignee, and the said Nailor received a conveyance from the corporation of Washington, and then executed a conveyance to the defendant of the premises in question, and the defendant then set up a claim to the premises in fee simple, and adverse to the plaintiffs; that on the — day of October, 1838, there was rent due and in arrear, under the said lease amounting to $193; and that there was not more than $30 of personal property on the said premises, liable to distress for rent, on the — day of October, or at the time of bringing this action; and here the plaintiffs rested. And thereupon, the defendant, by her counsel, prayed the court to instruct the jury that, under the evidence aforesaid, the plaintiffs are not entitled to recover in this action; which instruction the court refused to give, and the defendant excepts thereto, and prays the court to sign and seal this bill of exceptions, which is done accordingly.

W. Cranch,  [L. s.]
James S. Morsell. [L. s.]

By a comparison of the facts set out in this bill, with the first count in the declaration, it will be seen that the plaintiff has counted upon a lease to him from William Prout of the date of January, 1827, when it is manifest by the proofs adduced by the plaintiff, that Prout died in 1823, four years previously to the existence of the lease. This irreconcilable contradiction between the different parts of the plaintiff's title, as dependent upon the first count, it is unnecessary to comment upon, as the counsel was understood, in the argument, to admit its effects as conclusive to prevent a recovery under that count.

Had the plaintiff in ejectment a right to recover under the demise from Bradley and wife, upon the second count? The foundations for the recovery contended for on behalf of the plaintiff are, a forfeiture of tenure by the defendants, and a right of re-entry in the plaintiff, for a breach of the condition in the lease of the premises, by the father of Mary Bradley, one of the lessors

Connor *v.* Bradley et ux.

of the plaintiff, to Joseph B. Parsons. It is a settled rule at the common law, that where a right of re-entry is claimed on the ground of forfeiture for nonpayment of rent, there must be proof of a demand of the precise sum due, at a convenient time before sunset on the day when the rent is due, upon the land, in the most notorious place of it, even though there be no person on the land to pay. 1 Saund. 287, note 16, in which are cited 1 Leon. 305; Cro. Eliz. 209; Plowd. 172, b; 10 Rep. 129; Co. Litt. 201, b; 4 Leon. 117; 7 T. R. 117; and numerous other authorities. See also upon the same point, Doe ex dem. Wheeldon *v.* Paul, 3 Car. and Payne, 613, (14 Eng. Com. Law, 483;) and Roe ex dem. West *v.* Davis, 7 East, 363. In this case no proof is adduced or even pretended of a compliance with any one of the requisites just enumerated.

But this suit is said not to be prosecuted upon rules of practice at the common law, but under the authority of the statute of 4 Geo. 2, c. 28, which is in force in Washington county. We will inquire how far the decisions upon the interpretation of this statute have been fulfilled in the case before us. In Doe *v.* Lewis, 1 Burr. 619, 620, the court say that this statute prescribes a method of proceeding in ejectment in two cases, viz.: one in case of judgment against the casual ejector; the other in case of its coming to trial. In the former, an affidavit must be made in the court where the suit is depending, that half a year's rent was due before the declaration was served, and that no sufficient distress was to be found on the premises countervailing the arrears then due, and that the lessor had power to re-enter; in the latter, (that of a trial,) the same things must be proved upon the trial; therefore it is held that this statute does not extend to cases where there is a sufficient distress upon the premises, and consequently in such cases the lessor must proceed at common law as before the statute. To the same effect is the decision in Doe ex dem. Foster *v.* Wandless, 7 T. R. 117. It has been expressly ruled that under the statute of 4 Geo. 2, there must be proof that on some day or period between the time at which the rent fell due, and the day of the demise, there was not a sufficient distress on the premises. Doe ex dem. Smelt *v.* Fuchau, 15 East, 286; and further, that evidence must be adduced showing an examination of every part of the premises, and that where a party omitted to

enter a cottage, this was deemed an insufficient search. 2 Bro. and Bing. 514, (6 Eng. Com. Law.) Of the two demises laid in the declaration, the first is in January, 1827, the second on the 1st of January, 1838. Turning to the first bill of exceptions, we find it stated as having been proved, that on the — day of October, 1838, there was rent due and in arrear, amounting to $193; next, that there was not more than $30 value of personal property on the premises liable to distress for rent on the — day of October, or at the time of bringing this action. It will thus be perceived that the proofs by the plaintiff in ejectment fall short of the requirements of the statute in the following particulars, viz., in failing to show that any examination had been made to ascertain what amount of personal property was upon the premises at any time, or that there was any one day or period of time between the accrual of the rent for six months, and the date of either demise, at which there was a deficiency of personal property on the premises countervailing (to adopt the language of the courts) the arrears then due, for the last demise is dated January 1, 1838, the deficiency is averred to have been in the month of October following; the declaration was served in November, 1838, a still later period of time.

For these defects in the case made by the plaintiff in ejectment, it is the opinion of this court that the instruction prayed by the defendant, as set forth in the first bill of exceptions, ought to have been given; that in refusing such instruction the Circuit Court has erred. Its judgment must therefore be reversed.

### ORDER.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Washington, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be and the same is hereby reversed, with costs; and that this cause be and the same is hereby remanded to the said Circuit Court, with directions to award a *venire facias de novo.*