LAMSON CONSOL. STORE SERVICE CO. v. BOWLAND.

(Circuit Court of Appeals, Sixth Circuit. April 8, 1902.)

No. 999.

1. LEASE—RESUMPTION OF POSSESSION BY LESSOR—EFFECT.
Resumption of possession by the lessor of the thing leased operates as a surrender of the lease, and puts an end to the lessee's liability for future installments of rent, unless otherwise plainly provided.

2. SAME—CONSTRUCTION OF LEASE.
A lease of a store service apparatus reserved a stipulated annual rent, payable quarterly in advance, provided that, if any installment remained unpaid for 90 days, the rental for the entire term should become at once due, and declared that the lessee should make no alterations in the mechanism, or remove it or use it elsewhere than in the store, and should neither sell, assign, nor underlet the same. The agreement concluded "that in case of a breach of any of the covenants or agreements to be observed on the part of the lessee, or attached by process of law, by proceedings in bankruptcy, or insolvency, or otherwise, the lessor may * * * enter * * * and take possession of said system, * * * and thereby determine all right and interest the said lessee may have in such system. * * * No removal of said system made by the lessor during the term * * * on account of any determination of the lessee's tenancy, or on account of any default by the lessee, shall constitute a surrender of the lease." On November 30th, the day before an installment of rent became due, a petition in involuntary bankruptcy was filed against the lessees, and on December 6th an adjudication of bankruptcy was entered. The installment falling due December 1st was not paid in full, and the lessors retook possession. *Held*, that if the resumption of possession was for any reason other than the termination of "the lessee's tenancy," or "some default by the lessee," the lease would be determined, and the lessee would not be liable for future installments of rent.

3. SAME.
The reference to a removal "on account of any determination of the lessee's tenancy" referred to another paragraph in the lease, providing for notice to the lessor "of any determination of the lessee's tenancy in said store, so that the lessor may have the right to remove said system if necessary."

4. SAME.
If the lessor resumed possession because of the adjudication of bankruptcy against the lessee, the lease was determined, and no right to exact future rents would remain.

5. SAME—RIGHT TO RESUME POSSESSION—DEFAULT IN RENT.
Default in the installment of rent due December 1st would not justify the lessor in resuming possession at all, where it did not appear that any formal demand for the rent was made on the day it was due.

Appeal from the District Court of the United States for the Southern District of Ohio.

This is an appeal from a judgment disallowing a claim filed by the appellant against the estate of a bankrupt firm doing business as George G. Moler & Son. From the facts certified by the referee to the court below, it appears: (1) That the appellant constructed a store service apparatus in the store of the bankrupts under an agreement by which the bankrupts agreed to use same for a term of five years, and to pay "an annual rental in equal quarter-yearly installments, in advance, upon the first days of March, June, September, and December in each and every year during the term of this lease, or any extension hereof," at the rate of $20 for each station. There being nine stations constructed, the yearly rental was $180, and the quarterly installment payable in advance was $45. It was further provided that, "if any installment of said rental shall remain unpaid for sixty days after it becomes due, the entire rental to the end of the lease shall become at once due and payable." It was further provided that the lessee should not, without the consent of the lessor, make alterations, or remove the apparatus, or use elsewhere than in said store, and that the whole mechanism should continue the sole and exclusive property of the lessor, the lessee "not to sell, assign, or underlet" said system, and that at the end of the lease same should be delivered up to the lessor in good order and condition. The lessor, on its part, agreed, at its own expense, "to supply all parts necessary to keep said Cable cash-carrier system in proper repair, excepting, also, when there is rental on said system overdue and unpaid." The rental agreement concluded with the provision that the contract was subject to the condition "that in case of a breach of any of the covenants or agreements to be observed on the part of the lessee, or attached by process of law, by proceedings in bankruptcy, or insolvency, or otherwise, the lessor may, while such default or neglect continues, or at any time after such attaching or taking by process of law, without any notice or demand, enter upon the said store premises, or wherever said system may be, and take possession of said system, or any part thereof, and thereby determine all right and interest the said lessee may have in said system; and may remove the same, forcibly, if necessary, without let or hindrance from the lessee. In case of removal of the system, the lessor shall not be required to put the store of the lessee in its former condition. No removal of said system made by the lessor during the term of this lease, or any extension hereof, on account of any determination of the lessee's tenancy, or on account of any default by the lessee, shall constitute a surrender of this lease." (2) On November 30, 1900, the day before an installment of rent fell due, a petition in involuntary bankruptcy was filed against the lessees; and on December 6, 1900, an adjudication of bankruptcy was entered. All installments of rent accruing prior to December 1, 1900, had been duly paid, and no default existed at the date of the filing of the petition in bankruptcy, on November 30, 1900. The installment which became due under the lease on December 1, 1900, was not paid, except in part, as hereinafter shown. The appellant filed a claim for the entire remaining term of the lease, claiming that the failure to pay the installment accruing December 1, 1900, precipitated the maturity of the entire rental to the end of the lease, in 1905. The claim filed is therefore for $773.50, less a credit of $12 for rent collected by the lessor for a part of the month of December. The referee certified that the lessors had taken possession of the store service apparatus, and had received rent from some one other than the lessees from December 1, 1900, to December 24, 1900, and had credited same on the account rendered. The referee disallowed the claim upon the ground that it was not a fixed liability, absolutely owing, at the time of the filing of the petition against the bankrupt. The district judge affirmed this judgment, without an opinion.

Lincoln Fritter, for appellant.
Charles I. Stauffer, for appellee.

Before LURTON and SEVERENS, Circuit Judges, and WANTY, District Judge.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

What are the rights of the lessor of this store service apparatus in respect to rents which had not accrued when the petition in bankruptcy was filed against the lessee company? The lessors invoke the third clause of the lease contract, which provides that, "if any installment of said rental shall remain unpaid for sixty days after it becomes due, the entire rental to the end of the lease shall become at once due and payable." It is entirely competent to contract that the consequence of a default in the payment of an installment of interest for the use of money, or of rent for the use of property, shall be the precipitancy of the maturity of the principal of the money loaned, or of future installments for the rental of the property in respect to which default has been made. Rent is the compensation for the use and enjoyment of the thing rented, and is ordinarily demandable whether the tenant actually enjoy the use and possession of the subject of the rent or not, unless the failure is due to some fault of the letter. But in this case the letter demands that the lessee shall continue to pay rent, although it has repossessed itself of the thing for the enjoyment of which the rent is to be paid. The resumption of possession by a lessor operates as a surrender of the lease, and puts an end to the liability of the lessee for future rents, unless otherwise provided. A covenant in a lease authorizing a landlord, on default in rent, to take possession, and relet, if possible, for the benefit of the tenant, and that in such case the tenant shall remain liable for the deficiency, or for the whole rent if a reletting is impossible, has been held valid. Hall v. Gould, 13 N. Y. 127. In case of a covenant such as that just mentioned, the lessor's possession would be as agent for the lessee; and the liability of the lessee would be contingent upon a deficiency, and clearly not such a fixed and absolute liability as would be provable in bankruptcy. In the lease here under consideration, the lessor has reserved the right to resume possession in quite a number of contingencies, the effect of which the contract declares shall be to "determine all right and interest the said lessee may have in said system." Without more, it cannot be that the lessee shall be liable for the future rents, when the effect of the act of the lessor has been to determine all of his right and interest in the subject of the lease. Forfeitures are never favored, and when it is claimed that the lessor of property may resume possession of the subject-matter of the lease, and continue to hold the lessee liable for future rents, although deprived of the use and enjoyment of the thing leased, the terms of the bond must be exceedingly plain. Liability under such circumstances for future rents would be in the nature of a penalty, and the covenant by which the lessor may have both the use of the thing rented, and the compensation which the lessee was to pay for its use, must be so specific as that no other reasonable interpretation can be placed upon it. Hall v. Gould, 13 N. Y. 127. We have heretofore set out the clause of the lease upon which the lessor's right to resume possession and exact future rents, also, must rest. The contention is that under the provision quoted the lessor may resume possession of the leased property upon the happening

114 F.—41

of any one of the contingencies mentioned, without the surrender of the lease as a consequence. The catalogue of contingencies authorizing a resumption of possession and a removal of the leased mechanism is followed by a declaration as to the effect of the lessor's act, in these words: "And thereby determine all right and interest the said lessee may have in said system." The necessary consequence of a determination of the lessee's right and interest at the election of the landlord must be to put an end to the lessee's liability for future rents, in the absence of some specific agreement otherwise. That this was the intention of the parties seems very plain from the last sentence of the clause, which provides that "no removal of said system made by the lessor  *  *  *  on account of any determination of the lessee's tenancy, or on account of any default by the lessee, shall constitute a surrender of this lease." It is plain, then, that if the lessor has resumed possession and removed the system for any reason other than the termination of "the lessee's tenancy," or some "default by the lessee," the effect must be the usual and legal consequence of a resumption of possession by a lessor, the determination of the lease. The reference to a removal "on account of any determination of the lessee's tenancy" refers to the seventh paragraph of the lease, providing for notice to the lessor "of any determination of the lessee's tenancy in said store, so that the lessor may have the right to remove said system, if necessary, without hindrance on the part of the landlord." The only other case, then, in which a removal by the lessor of the system is not to constitute a surrender of the lease, is when the possession has been recovered in consequence of some "default by the lessee." On what authority has the lessor taken possession of the leased store service? That the lessor did take possession about the date of the adjudication in bankruptcy is reported by the referee. But on what ground is this justified? Unless the appellant can show that this conceded possession was taken upon some ground which kept the lease alive, the appeal must fail.

It was stated at the bar, and in the printed brief of counsel, that "the Lamson Consolidated Store Service Company, in accordance with its custom in case of bankruptcy, removed its system from the store of the bankrupt, as a protection to its own business, and to prevent such system from falling into the hands of persons unauthorized to use the same." An adjudication of bankruptcy against the lessee would seem to justify the lessor in recovering possession. But the result would be the surrender of the lease. Thereafter no right to exact future rents would remain. If this appellant has the right to collect future rents after recovering the possession and enjoyment of the leased property, it must make out a clear case. As we have seen, counsel have attempted to justify the possession upon a ground which leaves no foot to stand upon, when asserting a claim for future rents. But can the dispossession of the lessee be justified by the default in payment of the installment of rent due December 1, 1900? We think not, and for more than one reason. But it is sufficient to say that it does not appear that any formal demand was made for the rent on the pay day. Before a re-entry can be made

for default in rent, demand must be made for the precise dues at a convenient time before sunset on the day when the rent was due. Connor v. Bradley, 1 How. 217, 11 L. Ed. 105; Prout v. Roby, 15 Wall. 471, 476, 21 L. Ed. 58; Henderson v. Coal Co., 140 U. S. 25, 33, 11 Sup. Ct. 691, 35 L. Ed. 332; Parks v. Hays, 92 Tenn. 161, 22 S. W. 3; Smith v. Whitbeck, 13 Ohio St. 471; 18 Am. & Eng. Enc. Law, p. 375. Of course, it was competent to provide for a forfeiture without demand, but the contract in question contains no stipulation to that effect. Inasmuch as the agreement does not provide in express terms that the liability of the lessee should continue after the re-entry of the lessor, we must conclude that no liability for future rents was intended. There was no liability for past rents, for the lessor has either enjoyed the rents, or the use of the system, since December 1, 1900.

The judgment of the court below is accordingly affirmed.