### In re ABRAMS.

(District Court, N. D. Iowa, Cedar Rapids Division. January 2, 1913.)

#### No. 746.

1. BANKRUPTCY (§ 318*)—DEBTS PROVABLE—CLAIM OF LANDLORD FOR RENT—"DEBT ABSOLUTELY OWING."

A demand for rent accruing after the bankruptcy of the lessee in a lease authorizing the lessor to re-enter on default of payment of rent, and to recover possession by statutory action, is not a "debt absolutely owing" to the lessor at the time of the filing of the petition in bankruptcy against the lessee within Bankruptcy Act July 1, 1898, c. 541, § 63a, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), and the lessor is not entitled to a lien for rent created by Code Iowa 1897, § 2992.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. **Bankruptcy (§ 347*)—Debts Provable—Claim of Landlord for Rent.**

 Where a trustee in bankruptcy of a lessee used the premises for the administration of the estate, and thereafter entered into an agreement with the lessor to the effect that the latter would take possession of the premises and accept the surrender of the lease from and after a designated date, without waiving any rights as to a landlord's lien, the estate of the bankrupt was liable for the reasonable value of the use of the premises by the trustee, and the demand therefor was entitled to priority under Bankruptcy Act July 1, 1898, c. 541, § 64, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447); the agreement merely affecting the surrender of the property by the trustee.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 538; Dec. Dig. § 347.*]

3. **Bankruptcy (§ 326*)—Advancements by Bankrupt Prior to Bankruptcy—Obligation to Account.**

 Where a lessor received a specified sum from the lessee for an extension of the lease for a definite period but the lessee because of his bankruptcy during the original term obtained no benefit from the extension, the lessor, in proceedings to establish claims for rent and damages to the leased premises, must account to the estate for the sum so received.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. § 326.*]

In the matter of the bankruptcy of Harry Abrams. Proceedings by E. J. Passmore and another for the allowance of a claim as a preferred claim. The referee allowed the claim in part, and claimants petitioned for a review of the order denying the balance of the claim. Affirmed.

 E. J. and M. E. Passmore presented to the referee a claim against the bankrupt estate, $482.50 of which is alleged to be for rent of certain leased premises for the six months subsequent to the filing of the petition in bankruptcy, and $100 for damages to said premises, and asked that they be allowed as a preferred claim against the bankrupt estate. The referee allowed the claim for rent in the sum of $300, less $80, and directed that it be paid as a preferred claim; and the claim for damages in the sum of $85, as an unsecured claim; and the claimant's petition for a review of the order denying the rest of their claim for the alleged rent of the premises.

L. M. Kratz, of Cedar Rapids, Iowa, for petitioners.

Barnes & Chamberlain, of Cedar Rapids, Iowa, for trustee.

REED, District Judge (after stating the facts as above). The facts as they appear from the testimony and the certificate of the referee are as follows:

Harry Abrams, who was doing a general mercantile business in the city of Cedar Rapids, Iowa, under the name of Harry Abrams & Co., was duly adjudged bankrupt by this court June 4, 1912, upon a creditors' petition filed against him May 13th preceding.

November 24, 1908, the petitioners made to the bankrupt a lease for the first floor and basement of a store building in Cedar Rapids described as No. 118 First avenue, for the term of 60 months from and after October 1, 1909, at the monthly rental of $70 a month for the first 24 months, and $75 a month for the remaining 36 months; such rent to be paid strictly in advance on the 1st day of each and every month. The contract or lease contains stipulations as follows:

 "And it is further agreed that, if any rent shall be due and unpaid, demand therefor being waived, or if default be made in any of the covenants herein

contained, it shall then be lawful for said party of the first part to re-enter said premises and remove all persons and property therefrom; or he may recover possession thereof by action for the forcible detention of said property as provided for by sections 4208 to 4222 inclusive of the Code of Iowa, 1897, and all amendments thereto. And the said party of the second part agrees to hire said premises; and to pay the party of the first part rent therefor, according to the terms above set forth, except when said premises are untenable by reason of fire from any other cause than the carelessness of the party of the second part, or of persons of their family, or in their employ; * * * and that at the expiration of this lease, or upon a breach by said lessee of any of the covenants herein contained they will without further notice of any kind, quit and surrender the possession of said premises in as good condition, as reasonable use, natural wear and decay thereof will permit, damage by fire as aforesaid, superior force, or inevitable necessity, only excepted."

Under this contract the bankrupt occupied the premises and paid the monthly rent therefor as it became due to May 1, 1912, and was in possession of the premises with his stock of merchandise therein on May 13th when the petition in bankruptcy was filed against him. The rent due May 1, 1912, and for subsequent months, being unpaid, the petitioners on August 20, 1912, filed with the referee a claim of $482.50 as the rent of said premises from May 1 to November 14, 1912, being six months rent from the filing of the petition in bankruptcy, and for the 13 days in May previous thereto, and for $100 damages to the building for cutting two archways in the wall thereof, and asked that the whole of said claim, $582.50, be allowed as a preferred claim against the bankrupt estate, and secured by a landlord's lien under the Iowa statute, upon the bankrupt's stock of merchandise kept upon the leased premises.

The trustee occupied the premises after his appointment as such until some time in August, and kept the bankrupt's stock of goods therein until July 3, 1912, when it was sold by order of the court of bankruptcy, and the proceeds received by him. He denies the claim of the petitioners for rent of the store building, and for a landlord's lien, or for its use beyond the time it was occupied by him; and denies the claim for $100 as damages to the property. He also claims that the petitioners were indebted to the bankrupt estate in the sum of $80 for one month's rent paid by the bankrupt to them May 17, 1910, for an extension of a lease of said premises dated May 16, 1910, for 60 months from and after the 1st day of October, 1914, at the monthly rental of $80 for the first two years, and $85 for the next two years, and $90 for the last year of the term, to be paid in advance on the 1st day of each month during the life of this lease. This lease contained the same stipulations as the one of November 24, 1908, under consideration.

The referee allowed the claim of the petitioners in the sum of $300, for rent of the premises at $75 per month for the months of May, June, July, and August, 1912, less the $80 claimed by the trustee for the month's rent paid in advance for the extension of the lease of May 16, 1910, beyond the 1st of October, 1914, and directed the trustee to pay said sum ($220) as a preferred claim, and allowed the claim of $100 for damages in the sum of $85 as an unsecured claim. The claimants petition for a review of the order of the referee denying

the remainder of their claim for the 'rent of the building and for a lien on the bankrupt's stock of merchandise and the proceeds of the sale thereof.

It is the contention of the petitioners that they are entitled to a landlord's lien upon the bankrupt's stock of merchandise kept upon the leased premises, and the proceeds arising from the sale thereof now in the custody of the trustee in bankruptcy as security for the rent of the premises for six months, under section 2992 of the Iowa Code 1897. That section reads in this way:

"A landlord shall have a lien for his rent upon all crops grown upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term and not exempt from execution, for the period of one year after a year's rent, or the rent of a shorter period, falls due; but such lien shall not in any case continue more than six months after the expiration of the term. In the event that a stock of goods or merchandise, or a part thereof, subject to a landlord's lien, shall be sold under judicial process, order of court, or by an assignee under a general assignment for benefit of creditors, the lien of the landlord shall not be enforceable against said stock or portion thereof, except for rent due for the term already expired, and for rent to be paid for the use of demised premises for a period not exceeding six months after date of sale, any agreement of the parties to the contrary notwithstanding."

[1] Before the petitioners are entitled to the benefit of this statute as against the bankrupt estate, they must show that they have a debt absolutely owing to them by the bankrupt at the time the petition in bankruptcy was filed against him. Section 63a, Bankruptcy Act. At the time of filing the petition against this bankrupt, the petitioners then held a debt due and owing them for only one month's rent of the premises. The rest of the claim was not then due or owing to them. Whether or not it would ever become due or owing to them would depend upon whether or not they would resume possession of the premises because of the failure of the bankrupt to pay the rent due May 1, 1912. Should they do so, they would have no claim for rent to become due in the future. Unless there is a valid debt against the bankrupt, there is nothing to support the alleged landlord's lien, for there can be no lien or security for a debt that does not exist. This question, it seems to me, is ruled by the decision of the Court of Appeals, this circuit, in the case of Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719, and the cases there cited. In that case Watson presented a claim against the bankrupt estate of one Brown for some $2,300 for an alleged breach of contract by Brown to pay in advance $60 a month rent for a term of 10 years for certain premises leased by him from Watson. The lease provided that, if Brown should pay these sums as they fell due and should perform all of his other covenants in the lease, he might then hold and enjoy the premises for said term of 10 years; but that if any rents were due and unpaid, or if default was made by him in any of his covenants, Watson might re-enter and repossess himself of the premises. Brown, before the petition in bankruptcy was filed, had paid the rent to the first of the month following the filing of the petition against him. Upon these facts it was held that there was no debt owing by

Brown to Watson at the time of filing the petition in bankruptcy that was provable in bankruptcy; that the future existence of any such claim or demand and its amount, if it ever should come into existence, was contingent upon (1) the future default of the lessee, (2) the exercise by the lessor of his option to resume the possession of the leased premises, and (3) the assumption by the trustee in bankruptcy of the lease.

The lease of the petitioners to this bankrupt is even more stringent than was that of Watson to Brown; for it provides that not only default in the payment of the rent promptly when it becomes due will authorize the lessor to re-enter and repossess himself of the premises, and recover the same by action for the forcible detention of said property if necessary as provided by the Iowa statutes, but it also provides:

"That * * * upon a breach by said lessee of any of the covenants herein contained, they will without further notice of any kind, quit and surrender the possession of said premises in as good condition, as reasonable use and natural wear will permit, damage by fire and superior force only excepted."

This is the contract of the parties, and upon the happening of these contingencies the right of the lessee to the further use of the premises at once ends, and he is not liable for the payment of rent that matures thereafter. Lamson v. Bowland, 114 Fed. 639, 52 C. C. A. 335, 338, 339.

It is said by the petitioners that in the case of Watson v. Merrill there was no lien to secure the rent, such as is given by section 2992 of the Iowa Code, and that it is to be distinguished from this case upon that ground. True there was no claim for a lien to secure the rent in the Watson Case; but there was a claim for the rent itself, apparently as an unsecured debt. It was held, however, that the alleged debt was not provable in bankruptcy. If a claim is not so provable, it is not easy to understand how there can be a lien upon the bankrupt estate to secure something that was not provable against such estate. The petitioners cite and rely upon the case of Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246, and some other cases of similar import. In so far as that case, or others like it, conflict with the case of Watson v. Merrill, if there is any conflict, the decision in Watson v. Merrill is controlling upon this court. See Lamson v. Bowland, 114 Fed. 639, 52 C. C. A. 335, above; and In re Roth & Appel, 181 Fed. 667–669, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270.

Whether or not an unconditional lease by the owner of real estate in Iowa at a stipulated rental for a term of years to be paid monthly, to one who afterwards and before the expiration of the lease becomes bankrupt, may prove a claim for the rent of the unexpired term against the bankrupt estate within the limitations of section 2992 of the Iowa Code, and as a secured claim under that section, is a question not presented by this record, and is not therefore considered.

[2] It was agreed between the petitioners and the trustee on the hearing before the referee:

"That the petitioners will take possession of the leased premises and accept the surrender of the lease from and after August 31, 1912, not waiving any rights, however, that they may have under section 2992 as to landlord's

lien; it being understood that they may re-rent the premises if possible, and if the property is re-rented for a sum equal to or greater than $75 a month, they will waive their lien from the date of such re-rental. It is not conceded, however, by the trustee that the petitioners have any lien or that there is any sum due them by reason of their lease or by reason of said section 2992."

It is not claimed that this agreement or stipulation enlarges in any respect the rights of the petitioners to a lien upon the property of the estate, nor is it perceived how it could have that effect. The trustee had been using the premises in which to settle the estate of the bankrupt, and he was liable to the petitioners for the reasonable value of such use; and this agreement was apparently for the purpose of surrendering the further use of the property by the trustee without affecting the rights of either party to the controversy between them as to the liability of the estate for the rent claimed by the petitioners after the petition in bankruptcy was filed, or for any lien therefor.

The referee allowed the claim of the petitioners as a preferred claim for four months' rent of the premises, viz., for the months of May, June, July, and August, 1912, at the rate of $75 a month, less the $80 paid by the bankrupt to them for an extension of the lease from and after October 1, 1914. For the rent from May 1st to the filing of the petition in bankruptcy, the bankrupt was liable therefor to the petitioners, and they were entitled to prove this against his estate (and it may be as a debt or claim secured by section 2992 of the Iowa Code), and for the use of the premises by the trustee to August 31st the estate was liable therefor as a part of the expenses of administration; and whether it is allowed as a preferred claim for rent, or as an expense of administration, it would have priority over a claim for rent, though such claim was secured. Section 64, Bankruptcy Act.

[3] As to the $80, the bankrupt had received no benefit therefor, and it is only equitable to require the petitioners to account for such sum to the bankrupt estate.

It follows that the order of the referee should in all respects be approved, and it is, accordingly, so ordered.