## In re QUAKER DRUG CO.

### (District Court, W. D. Washington, N. D.   April 10, 1913.)

### No. 4,969.

BANKRUPTCY (§ 314*)—CLAIMS—LEASE — SURRENDER — FORFEITURE — SUBSEQUENTLY ACCRUING RENT.

A lease of an installed cash carrier system provided that in case of a breach by the lessee, or in case the lessee became a bankrupt, the balance of the rental for the entire term should be considered as at once due, and that the lessor, at any time after such a breach of the lease,

might enter the premises and take possession of the system, and thereby terminate all rights and interest of the lessee therein. *Held*, that the lessee's breach of the lease, as distinguished from bankruptcy, only authorized a forfeiture of the lease; and hence, the lessee having become a bankrupt, the act of the lessor in taking possession of the system was without authority, waived a forfeiture, if any, and effected a surrender of the lease, so that it could not thereafter maintain a claim for rent after adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478, 483–487, 489, 490; Dec. Dig. § 314.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Quaker Drug Company. On review of a referee's decision allowing a claim of the Lamson Consolidated Store Service Company for rental of a cash carrier system. Order modified, and claim for rent accruing after the filing of the petition in bankruptcy disallowed.

McClure & McClure, of Seattle, Wash., for trustee.
Walter Metzenbaum, of Seattle, Wash., for claimant.

CUSHMAN, District Judge. This matter is before the court for review of the decision of the referee, allowing a claim of the Lamson Consolidated Store Service Company in the sum of $1,205.29. Review is asked and error assigned by the trustee on the ground that the claim is based upon an executory contract and the allowance of a demand for rental of a cable cash carrier system, accruing after the date of filing the petition for adjudication of bankruptcy.

The lease contained, among others, the following provisions:

"(3) The lessee agrees to pay on said date of installation rental to the regular quarter day next ensuing, and thereafter in advance upon the 1st days of March, June, September, and December in each and every year at the rate of $230.54 for the first year and $230.54 for each succeeding year. Lessee agrees to pay all local taxes levied upon said system. If any installment of rental shall remain unpaid for 60 days after it becomes due, the entire rental to the end of this lease shall become at once payable without demand. * * *

"(6) And those presents are upon this condition that in case of a breach by lessee of any of the covenants or agreements herein, or in case the lessee becomes bankrupt, insolvent, or makes an assignment for the benefit of creditors, or discontinues business in the premises for any other reason whatsoever, the balance of rental for the entire term of this lease shall be considered at once due and payable without notice or demand on the part of the lessor; and it is also provided that the lessor may at any time after such a breach of this lease occurs enter the premises, take possession of said system, and thereby terminate all rights and interest of the lessee in said system."

The trustee cites the following authorities: Connor v. Bradley, 1 How. 217, 11 L. Ed. 105; Prout v. Roby, 15 Wall. 471, 476, 21 L. Ed. 58; Henderson v. Coal Co., 140 U. S. 25, 33, 11 Sup. Ct. 691, 35 L. Ed. 332; In re Pittsburg Drug Co. (D. C.) 20 Am. Bankr. Rep. 227, 164 Fed. 482; Lamson Con. Store Ser. Co. v. Bowland, 114 Fed. 639, 52 C. C. A. 335; In re Winfield Mfg. Co. (D. C.) 15 Am. Bankr. Rep. 25, 137 Fed. 984; Wilson v. Penn. Trust Co., 8 Am. Bankr. Rep. 169, 114 Fed. 742, 52 C. C. A. 374; In re Shaffer (D. C.) 10 Am. Bankr.

Rep. 633, 124 Fed. 111; Slocum v. Soliday (C. C. A. 1st Cir.) 25 Am. Bankr. Rep. 460, 183 Fed. 410, 106 C. C. A. 56; 1 Loveland on Bankruptcy, 648–649; Parks v. Hays, 92 Tenn. 161, 22 S. W. 3; Smith v. Whitbeck, 13 Ohio St. 471; 18 Am. & Eng. Enc. Law, p. 375; 1 Remington, Bankruptcy, pp. 400, 401; Collier, Bankruptcy (1912 Ed.) 880.

The claimant cites the following authorities in support of its contention: In re Stotts (D. C.) 1 Am. Bankr. Rep. 642, 93 Fed. 438; In re Samuel Wilde's Sons, 16 Am. Bankr. Rep. 386, 144 Fed. 972, 75 C. C. A. 601; In re Swift (D. C.) 9 Am. Bankr. Rep. 237, 118 Fed. 348; In re Grant (D. C.) 9 Am. Bankr. Rep. 93, 118 Fed. 73; Stone v. Auerbach, 133 App. Div. 75, 117 N. Y. Supp. 734; Rand v. Iowa, 186 N. Y. 59–61, 78 N. E. 574, 116 Am. St. Rep. 530, 9 Ann. Cas. 542; Lowell on Bankruptcy, § 169, and cases cited; Hall v. Gould, 13 N. Y. 127; Morgan v. Smith, 70 N. Y. 537; Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576; Giles v. Comstock, 4 N. Y. 270, 53 Am. Dec. 374; Learned v. Ryder, 61 Barb. (N. Y.) 552; Mackellar v. Sigler, 47 How. Prac. (N. Y.) 20; Gugel v. Isaacs, 21 App. Div. 503, 48 N. Y. Supp. 594, affirmed 162 N. Y. 636, 57 N. E. 1111; Platt v. Johnson, 168 Pa. 47–49, 31 Atl. 935, 47 Am. St. Rep. 877, 26 L. R. A. 755, 57 Am. St. Rep. 261; Greenleaf v. Allen, 127 Mass. 248–253; Hovey v. Newton, 11 Pick. (Mass.) 421; Bradford v. Patten, 108 Mass. 153; Goodwin v. Sharkey, 80 Pa. 149 at 153; Owen v. Shovlin, 116 Pa. 371, 9 Atl. 484; In re Goldstein (D. C.) 2 Am. Bankr. Rep. 603; In re Ells (D. C.) 98 Fed. 967, at 969.

The first installment of rent due under the lease became payable September 1, 1912. The Quaker Drug Company was adjudicated bankrupt on September 30, 1912. The claimant, the lessor, upon the adjudication of bankruptcy, resumed possession of the leased property. Bankruptcy intervened before the expiration of 60 days after default, for which provision is made in section 3 of the lease, above quoted. Upon the reasoning and authority of Lamson Consolidated Store Service Company v. Bowland, 114 Fed. 639, 52 C. C. A. 335, the referee's order will be modified, and all rental accruing after the filing of the petition for adjudication in bankruptcy is disallowed.

The language in paragraph 6 of the lease:

"And these presents are upon this condition, that in case of a breach by lessee of any of the covenants or agreements herein, or in case the lessee becomes bankrupt * * *"

—shows that the lessee's bankruptcy was in no sense a breach of the lease. The latter part of the same section, providing:

"That the lessor may at any time after such a breach of this lease occurs enter the premises, take possession of said system, and thereby terminate all rights and interest of the lessee in said system"

—shows that it was a breach of the lease, and not lessee's bankruptcy, that was to authorize the lessor's taking possession of the leased property. At any rate, the intention to authorize a forfeiture is not shown with sufficient clearness, and, if authorized, the lessor's taking possession of the leased property before there was any right to do so, under the terms of the lease, waived the forfeiture, and effected a surrender of the lease.

Claimant's contention that, by removal from the store building, the carrier system was necessarily much damaged, is not without consideration of an equitable nature; but the lease and its effect must be construed as made. The rule must be the same in interpreting it and arriving at its meaning and effect, whether it covers fragile property, liable to injury in case of removal and alteration, or that which would not be so subject.